# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 18-0684** (BOR Appeal No. 2052361)
(Claim No. 2017009053)

**TIMOTHY TOOTHMAN,**
**Claimant Below, Respondent**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Murray American Energy, by Aimee M. Stern and Denise D. Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Timothy Toothman, by J. Thomas Greene Jr., his attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 8, 2017. The Office of Judges reversed the decision in its December 1, 2017, Order and held the claim compensable for cervical sprain/strain. The Order was affirmed by the Board of Review on July 2, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material mischaracterizations and misstatements of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Toothman, a coal miner, alleges that he was injured in the course of his employment on May 27, 2016, while lifting a block. A May 31, 2016, treatment note by J. David Lynch, M.D., indicates Mr. Toothman was seen for a new injury that occurred when he lifted a cement block and felt a pop in his neck. He reported pain in his neck and right shoulder. Dr. Lynch prescribed physical therapy and medication. On June 14, 2016, Mr. Toothman returned with continued neck pain and had not started physical therapy. On July 7, 2016, it was noted that he had started physical

1

therapy but was still experiencing neck pain that radiated into his right shoulder. He also had some numbness in his hands.

The Employee's and Physician's Report of Injury indicates Mr. Toothman sustained a cervical strain in the course of his employment. Dr. Lynch completed the physician's section on September 12, 2016. His treatment note that day indicates Mr. Toothman continued to do physical therapy but still had neck pain. He was still working. Dr. Lynch diagnosed cervical strain. On October 3, 2016, he reported that physical therapy had stopped. He was having constant neck pain into the right shoulder. On October 14, 2016, Mr. Toothman reported that he now had occasional numbness in both hands along with neck pain.

Mr. Toothman has a history of cervical spine issues. A May 20, 2012, Employee's and Physician's Report of Injury indicates Mr. Toothman injured his neck and back when he struck his head while dragging a hose. The diagnosis was listed as cervical strain, and the claim number was 2012037697. The claim was held compensable for neck sprain on June 21, 2012. A cervical MRI was performed on September 12, 2012, and showed mild degenerative changes with a disc bulge at C3-4 along with mild bilateral foraminal narrowing.

Mr. Toothman saw Dr. Lynch for the 2012 injury. On December 18, 2012, Mr. Toothman reported daily radiating neck pain. Dr. Lynch diagnosed cervical strain and recommended physical therapy. He returned on February 24, 2013, and reported that his neck was stiff. He was again diagnosed with cervical strain and was to continue physical therapy. An independent medical evaluation was performed on February 28, 2013, by Joseph Grady, M.D. Dr. Grady found that Mr. Toothman had reached maximum medical improvement for his compensable neck sprain and assessed 5% impairment.

Mr. Toothman saw Dr. Lynch for his cervical sprain for several years. In March of 2013, Dr. Lynch noted that Mr. Toothman reported daily neck pain. He stated that physical therapy was helping, and he was released to return to regular duty work. In March of 2014, Mr. Toothman reported daily pain and stiffness in his neck along with occasional bilateral hand numbness. In April of 2015, he reported that he was doing worse and experiencing daily neck pain and stiffness, occasional bilateral hand numbness, and left arm tingling. It was recommended he restart physical therapy. On February 8, 2016, Mr. Toothman again reported daily neck pain and stiffness with some hand numbness. One month later, he returned with the same complaints. A cervical MRI showed no evidence of significant spinal stenosis on February 23, 2017.

On November 14, 2016, Dr. Lynch requested that herniated disc of the cervical spine be added as a compensable condition in claim number 2012037697. Based on that request, the claims administrator added sprain of joints and ligaments of other parts of the neck to that same claim on April 12, 2017. On February 8, 2017, the claims administrator rejected the claim at issue, stating that it was a reoccurrence of the prior claim numbered 2012037697.

Mr. Toothman testified in a deposition on August 24, 2017, that on May 20, 2012, he was at work dragging something that caught on an overcast. This resulted in him hitting his head on the top and caused injuries to his neck and back. He underwent physical therapy and used

medications. Mr. Toothman asserted that on May 27, 2016, he was lifting a block and felt a pop in his neck and that this was a new injury.

In a September 6, 2017, record review, Ronald Fadel, M.D., was asked to determine if Mr. Toothman's cervical complaints were the result of a new injury or if they were a reoccurrence of the 2012 compensable injury. Dr. Fadel opined that the May 27, 2016, incident was an exacerbation of Mr. Toothman's noncompensable, age-related condition. He stated that the cervical condition was permanent and would likely cause symptoms for the remainder of Mr. Toothman's life. Dr. Fadel noted that there was no objective evidence of permanent changes or an acute injury to the cervical spine following the May 27, 2016, incident.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for cervical sprain/strain on a no lost time basis in its December 1, 2017, Order. It noted that Mr. Toothman suffered from neck complaints and a neck injury prior to the May 27, 2016, injury at issue. It found that he had mild degenerative changes. The Office of Judges determined that Mr. Toothman sustained a soft tissue cervical sprain on May 20, 2012. It noted that he reached maximum medical improvement as found by Dr. Grady on February 28, 2013. The Office of Judges noted that per West Virginia Code of State Rules § 85-20, a cervical sprain should be resolved within eight weeks; however, Mr. Toothamn had cervical complaints from the May of 2012 injury to the present. It looked to Dr. Fadel's report in which he found that Mr. Toothman's issues were the result of his underlying degenerative changes. The Office of Judges found, however, that the most recent MRI showed mild degenerative changes and does not support Dr. Fadel's conclusions. Dr. Lynch examined Mr. Toothman several times between the May of 2012 injury and the present, and the Office of Judges therefore found his opinion to be more persuasive than that of Dr. Fadel. Dr. Lynch opined that Mr. Toothman sustained a new injury on May 27, 2016, in the form of a cervical sprain. His opinion was found to be supported by the most recent diagnostic testing as well as Mr. Toothman's testimony. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 2, 2018.

After review, we find that the Board of Review's decision is based on material misstatements and mischaracterizations of the evidentiary record. Dr. Lynch stated in his treatment notes that Mr. Toothman sustained a new injury on May 27, 2016, and then completed a diagnosis update in case number 2012037697 requesting that cervical strain be added to the claim. Further, Dr. Lynch's findings of Mr. Toothman's condition remained essentially the same both before and after the May 27, 2016, incident. Lastly, claim number 2012037697, was held compensable for sprain of joints and ligaments of other parts of the neck on April 12, 2017. Since the prior claim has been updated to include neck sprain, this claim is rejected.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material mischaracterizations and misstatements of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the claims administrator's rejection of the claim.

Reversed and Remanded.

**ISSUED:**  April 25, 2019


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**
Justice John A. Hutchison